## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **GULF COAST ASPHALT COMPANY, LLC,** | * | |
| **and LEXINGTON INSURANCE COMPANY,** | * | |
| **as subrogee of GULF COAST ASPHALT** | * | **CASE NO.: CV-13-_____** |
| **COMPANY, LLC,** | * | |
| | * | |
| **Plaintiffs,** | * | **IN ADMIRALTY** |
| | * | |
| **v.** | * | |
| | * | |
| **COSCO SOUTHERN ASPHALT SHIPPING** | * | |
| **COMPANY,** *in personam*; **CHINA OCEAN** | * | |
| **SHIPPING AMERICAS, INC.,** *in personam*; | * | |
| **and M/V YA LONG WAN and its crew,** | * | |
| **owner and operator,** *in rem*, | * | |
| | * | |
| **Defendants.** | * | |

## <u>VERIFIED COMPLAINT</u>

Plaintiffs, GULF COAST ASPHALT COMPANY, LLC (hereinafter "GCAC") and LEXINGTON INSURANCE COMPANY, as subrogee of GULF COAST ASPHALT COMPANY, LLC (hereinafter "LEXINGTON"), by and through their undersigned counsel, file this Complaint for Damages against Defendants, **(1)** COSCO SOUTHERN ASPHALT SHIPPING COMPANY, LTD., (hereinafter "COSCO"); **(2)** CHINA OCEAN SHIPPING AMERICAS, INC. (hereinafter "COSCO AMERICAS"); and **(3)** the M/V YA LONG WAN, a commercial asphalt tanker and bulk carrier upon the navigable waters of the United States, *in rem*, (hereinafter, "M/V YA LONG WAN"), in a cause of action founded on maritime tort and negligence for causing damage to the property of GCAC, as well as claims for maritime liens against said *in rem* Defendant, M/V YA LONG WAN, and under Rule 9(h) of the Federal Rules of Civil Procedure, and allege as follows:

1

## PARTIES

1.      At all times material to this action, Plaintiff, GCAC was an Alabama corporation doing business in Mobile County at 835 Cochran Causeway, Mobile, Alabama  36610.

2.      At all times material to this action, Plaintiff, LEXINGTON was a foreign insurance company, organized under the laws of the State of Delaware with its principal place of business in Boston, Massachusetts, and authorized to and doing business in Mobile County, Alabama.

3.      At all times material to this action, Defendant, COSCO was a subsidiary of China Ocean Shipping (Group) Company, a commercial governmental entity/state-owned corporation of the People's Republic of China, which is a signatory to the Hague Convention, and was the owner and operator of the M/V YA LONG WAN.

4.      At all times material to this action, Defendant, COSCO did substantial and continuous business in the United States through its several related parent companies and co-subsidiaries and entities located in the United States.  At all times material to this action, one such COSCO related entity was Defendant, COSCO Americas.

5.       At all times material to this action, Defendant, COSCO AMERICAS was a United States based Corporation with its principal place of business in Secaucus, New Jersey and, at all times material to this action, acted as a regional administration and management center for China Ocean Shipping (Group) Company and its subsidiary, Defendant, COSCO.

6.      At all times material to this action, *in rem*, Defendant, M/V YA LONG WAN was an international commercial asphalt tanker bearing the Hong Kong flag, bearing

IMO No. 9360398, and was a vessel on the navigable waters of the United States, and upon information and belief, may during the course of this case, be within this District.

## JURISDICTION AND VENUE

7.      Jurisdiction of this matter is based on the provisions of 28 U.S.C. § § 1330 and 1333, and 28 U.S.C. § § 1602-1611.  Jurisdiction of this cause is likely otherwise appropriate under the provisions of Extension of Admiralty and Maritime Jurisdiction Act, 46 U.S.C. § 740, as the damage to GCAC's property was caused by a vessel upon the navigable waters of the United States.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

9.      At all times material to this action, Plaintiff, GCAC owned and operated a full service liquid bulk storage terminal and operated as a provider of liquid asphalt products, which included dock facilities and liquid asphalt transfer equipment on the Mobile River in Mobile County, Alabama.

10.      At all times material to this action, Plaintiff, LEXINGTON insured GCAC for certain property losses pursuant to Policy No. 035826195 (hereinafter "POLICY"). The POLICY is attached hereto as Exhibit "A".

11.      On August 11, 2011, the M/V YA LONG WAN was upon the navigable waters of the Mobile River and maneuvered to the dock at the GCAC terminal.  The vessel tied off at the GCAC dock, and began taking on a load of liquid asphalt from GCAC via a chiksan.

3

12.     The M/V YA LONG WAN was not properly moored to the dock.  This left her in a dangerous position that risked damage to GCAC's dock and equipment, in the event of a wake or other similar event.

13.     Requests were made upon the crew of the M/V YA LONG WAN to correct the mooring problem; and because the M/V YA LONG WAN failed to correct the condition, the transfer of liquid asphalt was shut down at approximately 6:00 p.m. (CDT).

14.     On August 11, 2011 at approximately 6:10 p.m. (CDT), another vessel moved down the Mobile River and created a wake.

15.     Because the M/V YA LONG WAN was negligently and improperly moored to the GCAC dock, and also otherwise unseaworthy, she allided with GCAC's dock.

16.     As a result of the allision, GCAC's dock was damaged and its chiksan was destroyed.

17.     As a result of the unseaworthiness of the M/V YA LONG WAN, as well as the other negligent actions or inactions of Defendants, GCAC suffered damages estimated at $176,352.87.

18.     Pursuant to its policy of insurance with GCAC, LEXINGTON has made insurance payments to GCAC representing the value of GCAC's property damaged, and as such, LEXINGTON is subrogated to the rights of GCAC to the extent of such payments. To date, LEXINGTON's payments to GCAC total $76,352.87.

19.     GCAC also has uninsured damages consisting of its policy deductible of $100,000.00.

4

## COUNT ONE
## UNSEAWORTHINESS/NEGLIGENCE AGAINST ALL DEFENDANTS

20.     Plaintiffs re-allege and incorporate paragraphs 1 through 19 as if set out here in full.

21.     At all times material to this action, Defendants had a duty to exercise reasonable care to operate the M/V YA LONG WAN in a safe and seaworthy condition; to keep a well-trained and competent crew aboard the M/V YA LONG WAN; and to exercise reasonable care to prevent damage to GCAC's dock and property, including but not limited to GCAC's chiksan.

22.     Defendants breached their duties by:

        a.      failing to use reasonable care to maintain the M/V YA LONG WAN in a seaworthy and reasonably safe condition;

        b.      failing to follow appropriate practices and procedures to prevent and protect GCAC's dock and property from damage;

        c.      failing to correct deficiencies in the mooring of the vessel after receiving several warnings;

        d.      failing to have sufficient and properly trained crew aboard to properly and adequately moor the M/V YA LONG WAN; and

        e.      other wrongful acts that may be discovered as this matter proceeds.

23.     As a proximate cause of the unseaworthiness of the M/V YA LONG WAN, as well as the negligent actions or inactions of Defendants, the M/V YA LONG WAN allided with GCAC's dock, damaging GCAC's dock and destroying GCAC's chiksan.

24.     It was reasonably foreseeable to Defendants that another vessel may travel down the Mobile River and create a wake.

25.     It was reasonably foreseeable to Defendants that a wake from a passing vessel would cause the M/V YA LONG WAN to allide with GCAC's dock and damage GCAC's dock and property, including but not limited to, GCAC's chiksan.

26.     As a result of the unseaworthiness of the M/V YA LONG WAN, as well as the negligent actions or inactions of Defendants, GCAC and LEXINGTON suffered damages estimated at $176,352.87.

WHEREFORE, Plaintiffs, GULF COAST ASPHALT CO., LTD. and LEXINGTON INSURANCE COMPANY as subrogee of GULF COAST ASPHALT CO., LTD., demand judgment against the collective Defendants herein, *in rem* and *in personam*, jointly and severally, in an amount to be demonstrated at the trial of this cause, plus all attorneys' fees, interest, and costs, or other relief to which Plaintiffs may justly be entitled.

Done this 2nd day of August, 2013.

Respectfully submitted,


_____*/s/Carin D. Brock*_____
CARIN D. BROCK   (BROCC7409)
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
1110 Montlimar Drive, Suite 1050
Mobile, AL  36609
Telephone:  (251) 338-3801
Facsimile:   (251) 338-3805
E-mail:  cbrock@butlerpappas.com
*Attorney for Plaintiffs*

## VERIFICATION

STATE OF TEXAS

COUNTY OF ~~HOUSTON~~ *Harris*

     Personally appeared before me, the undersigned authority in and for said state and county, KENNY HUCKER, who at all times material, was the facilities manager of GULF COAST ASPHALT COMPANY, LLC, who, after being duly sworn, on oath, deposes and says as follows:

     1.    At all times material to this action, I acted as the facilities manager of GULF COAST ASPHALT COMPANY, LLC;

     2.    I have read the foregoing Complaint; and

     3.    I believe the facts stated in the Complaint to be true and correct to the best of my knowledge, information and belief.

                         GULF COAST ASPHALT COMPANY, LLC

                         BY: _____

Subscribed to me this _16th_ day of _July_, 2013.

**Defendant To Be Served Via Certified Mail:**
**China Ocean Shipping Americas, Inc.**
100 Lighting Way
Secaucus, New Jersey 07094

**Defendant To Be Served Through 28 U.S.C. § 1608**
**And The Hague Convention**
**Cosco Southern Asphalt Shipping Company, Ltd**
29-31st Floors
Fortune Plaza 103
Binhai Lu Haikou
Hainan, China 570105

BRANDY JOY MARTI
Notary Public, State of Texas
My Commission Expires
June 29, 2016

**NOTE: Please Withhold Service *In Rem* on the *In Rem* Defendant**
**M/V Ya Long Wan**
Call Sign: VRCK5
IMO: 9360398
MMSI: 477633800